**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELE P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 5164 |
| v. | ) | |
| | ) | **Magistrate Judge** |
| FRANK BISIGNANO, | ) | **Maria Valdez** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision

of the Commissioner of Social Security denying Plaintiff Michele P.'s claims for

Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction

of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the

reasons that follow, Plaintiff's request to reverse the Commissioner's decision is

denied, and the Commissioner's motion for summary judgment is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security
Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last
name.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On June 26, 2018, Plaintiff filed an application for DIB, alleging disability since September 1, 2015. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), and a telephonic hearing was held on September 9, 2020. Plaintiff remotely appeared and testified at the hearing and was represented by counsel. A medical expert and a vocational expert also testified.

On November 30, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Following judicial review of that decision, this Court remanded the matter back to the Commissioner on December 16, 2022. *See Michele P. v Kijazaki*, No. 21 C 3553, 2022 WL 17740457 (N.D. Ill. Dec. 16, 2022). A second hearing was held on November 1, 2023, and on January 29, 2024, the ALJ again denied Plaintiff's claim. The Appeals Council denied Plaintiff's request for review on March 12, 2025, leaving the case reviewable by the District Court.

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. §

404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 1, 2015, through her date last insured, September 30, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: lift and carry twenty pounds occasionally and ten pounds frequently; sit six hours in an eight-hour workday; stand and walk four hours in an eight-hour workday; able to change positions from sitting to standing every hour; occasionally push and pull with the bilateral upper extremities; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never be around dangerous machinery.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a an advertising account director, advertising account supervisor, and account executive, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th

469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not

supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

In her first appeal, Plaintiff argued that the ALJ's decision was in error because the RFC failed to account for any time off-task. In its 2022 order, this Court

remanded the case based on the ALJ's failure "to explicitly consider off-task time whatsoever" despite the ALJ's conclusion that Plaintiff had the severe impairment of ADHD and that her "'pain-related limitations . . . did interfere to a degree with her abilities to concentrate and focus attention.'" *See Michele P.*, 2022 WL 17740457, at *3 (citation omitted).

On remand, the ALJ credited the opinion of a testifying psychological expert in concluding that Plaintiff had no limitations in concentration, persistence, and pace. Accordingly, the RFC after the second hearing also did not include any time off-task due to those impairments. Although Plaintiff acknowledges that "the ALJ did not have to credit Michele's mental impairments as a source for being off-task," she nevertheless contends that the ALJ improperly failed to follow the Court's direction to consider off-task time generally. (Pl.'s Br. at 14.) In this appeal, Plaintiff offers record evidence of her diagnoses of nausea and points to the testimony of Dr. Washburn, who testified that a person who is nauseous would be off-task a certain amount of time. Dr. Washburn, however, could not quantify the severity of Plaintiff's limitations or the amount of time she would be affected by disabling symptoms. Plaintiff herself offers no quantifiable measure of the amount of time she would be affected by nausea, claiming only that it "would reasonably cause her to be off-task more than 10% of the workday." (*Id.* at 13.) The ALJ was under no obligation to consider the hypothetical amount of time a person with nausea might be off-task; she only needed to incorporate Plaintiff's actual limitations that were supported by the record. She has failed to establish her nausea affected her any

7

particular amount of time on a regular basis, let alone 10% of every workday. The ALJ dd not err in failing to incorporate this limitation in the RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is denied, and the Commissioner's motion for summary judgment is granted.

**SO ORDERED.**                              **ENTERED:**

**DATE:**     June 26, 2026                                     _____

                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**